UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTAGE, INC.<br>3636 16th Street, N.W.,<br>Suite AG50,<br>Washington, D.C.,<br><br>      Plaintiff,<br>v.<br><br>TIME LINE CONSTRUCTION CORP.,<br>3407 Jermantown Road,<br>Fairfax, VA 22030,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

By this action, plaintiff, Montage, Inc. (Montage), by and through its undersigned counsel, seeks recovery from defendant, Time Line Construction Corporation (TLCC), for breach of contract and the resulting losses, costs and expenses incurred by Montage, and states as follows:

### I. Parties, Jurisdiction and Venue

1. Montage is a Maryland corporation with a principal place of business located at 3636 16th Street, N.W., Suite AG50, Washington, D.C. 20010.

2. TLCC is, upon information and belief, a Virginia corporation with a principal place of business located at 3407 Jermantown Road, Fairfax, VA 22030.

3. Jurisdiction obtains pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in this Court under 28 U.S.C. § 1391(a) because the events and transactions giving rise to this claim occurred in the District of Columbia and Montage has a principal place of business in the District of Columbia.

## II. Facts

5. Montage is a general contractor primarily engaged on public construction projects.

6. On or about April 1, 2005, Montage entered into a general contract with the District of Columbia Sports and Entertainment Commission (DCSEC) in connection with a project commonly known as Fort Greble Baseball Field Renovation (Project).

7. In turn, Montage executed a subcontract(Subcontract) with TLCC, by the terms of which TLCC was to provide work, labor, equipment and material for the installation of new playing fields and certain related work at the Project. A true copy of the Subcontract is attached as Exhibit A.

8. TLCC's work required, among other things, the re-grading of the fields to ensure proper drainage, install new soils and install new sod, per the plans and specifications for the Project.

9. In consideration for TLCC's successful performance of the Subcontract work, Montage agreed to pay TLCC the sum of $140,000 upon completion.

10. However, TLCC failed to prosecute the work timely and delayed the Project.

11. Moreover, TLCC failed to perform the work consistent with the plans and specifications.

12. TLCC did not properly grade the playing fields, resulting in numerous ruts and holes, uneven playing surfaces and "ponding" throughout the fields.

13. TLCC also failed to failed to properly install the infield per the plans and specifications, including incorrect elevations for the pitcher's mound, bases and basepaths, resulting in relative elevation discrepancies for those areas, and leaving fist-sized stones throughout the infield.

14. TLCC installed sod that was of poor quality or did not properly maintain the sod prior to installation such that numerous sod panels were dead or dying, were moldy in undrained low areas, and had dried out for lack of watering in other areas.

15. TLCC had also failed to remove the plastic netting prior to installation of the sod and it protruded from the sod in several areas, resulting in an unsafe playing condition.

16. On July 1, 2005, Montage's counsel sent TLCC a letter concerning its performance default under the Subcontract.

17. Subsequently, however, TLCC requested the opportunity to present Montage with a plan to correct and complete its work and provide Montage with adequate assurance that TLCC could execute such a plan within the remaining contract time.

18. However, TLCC ultimately failed to provide the corrective performance plan that it had promised.

19. Moreover, TLCC declined to accept any responsibility for its failure to perform the work.

20. As a result of TLCC's failure to perform the Subcontract work as specified, or to complete its scope of work, Montage had to engage a replacement subcontractor to replace and complete TLCC's work.

21. As a result of TLCC's default under the Subcontract, Montage incurred losses, costs and expenses totaling $143,000 in correcting and completing TLCC's work, less TLCC's original subcontract price of $140,000.

22. In addition, because Montage had to replace TLCC's work, Montage was delayed in completing the Project and incurred extended field and home office overhead and other related costs totaling $102,801.49, as follows: additional quality control, approximately $5,000; extended home office overhead, $54,246.57; extended field overhead, $10,554.92; security guards at $250.00/day, $33,000.

23. Moreover, as of this date, the DCSEC has not extended the Subcontract time and the DCSEC may yet assert a backcharge against Montage's Contract for the delay in completion.

### III. Count One (Breach of Contract)

24. Montage reasserts and realleges the factual allegations made in Paragraphs 1 through 23 above as though fully set forth herein.

25. TLCC entered into the Subcontract with Montage, by the terms of which it agreed to perform certain work at the Project.

26. TLCC subsequently failed to perform the agreed work per the plans and specifications.

27. In addition, when Montage notified TLCC of its failure to perform TLCC failed to correct its work or adequately assure Montage that TLCC could perform under the Subcontract, and Montage subsequently terminated TLCC's Subcontract for default.

28. TLCC breached the Subcontract by failing to perform the work in accordance with the contract documents or to correct or complete its work after its defaults and failures had been discovered by Montage and the DCSEC.

29. As a result, Montage had to engage a replacement subcontractor to correct and complete TLCC's work and, as a result, has suffered losses, costs and expenses totaling $3,000, exclusive of TLCC's subcontract price.

30. In addition, Montage was delayed in completion of the Project by TLCC's default and Montage has been damaged thereby in the sum amount of $102,801.49.

31. Montage may also suffer further costs and expenses in the event the DCSEC backcharges the Contract to the extent of the delay caused by TLCC.

**WHEREFORE**, Montage, Inc., prays that this Honorable Court:

1. Enter judgment in favor of Montage, Inc. and against Time Line Construction Corporation in the amount of $105,801.49;

2. Award Montage, Inc. its attorney's fees, costs and expenses in this action, as provided in the Subcontract;

3. Grant Montage, Inc. such other and further relief as this Court deems appropriate and just.

Respectfully submitted:

MONTAGE, INC.
By its attorneys:

Eric R. Stanco
(D.C. Bar No. 456896)
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822
(202) 331-9705 (facsimile)