**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MONTAGE, INC.** | * |
|     **Plaintiff/Counter-Defendant,** | * |
| |    **Case No. 1:05CV01809-RWR** |
| **v.** | * |
| **TIME LINE CONSTRUCTION CORP.,** | * |
|     **Defendant/Counter-Plaintiff.** | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**ANSWER AND COUNTERCLAIM**

Defendant/Counter-Plaintiff, Time Line Construction Corp. ("Time Line"), by counsel, for its Answer to the Complaint filed against it by Plaintiff, Montage, Inc. ("Montage"), and its Counterclaim against Counter-Defendant, Montage, Inc., states as follows:

**FIRST DEFENSE**

Responding to the Complaint *ad seriatim*, Time Line:

1.   States that it has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies same.

2.   Admits the allegations contained in paragraph 2 of the Complaint.

3.   States that the allegations contained in paragraph 3 constitute Plaintiff's legal conclusions regarding jurisdiction as to which no answer is required. To extent an answer is deemed required, Time Line admits same.

4.   States that the allegations contained in paragraph 4 constitute Plaintiff's legal conclusions regarding venue as to which no answer is required. To the extent that

an answer is deemed required, Time Line admits same.

5. Time Line admits that Montage appears to be a general contractor engaged in public construction projects.

6. States that has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same. States further that it appears that Montage entered into a general contract with the District of Columbia Sports and Entertainment Commission ("DCSEC") project commonly known as Fort Greble Baseball Field Renovation (Project).

7. Admits the allegations contained in paragraph 7, except that the terms and conditions Subcontract Agreement entered into between Montage and Time Line speak for themselves and denies any allegation which is inconsistent with or mischaracterizes same.

8. States that the terms and conditions of the Subcontract Agreement entered into between Montage and Time Line speak for themselves and denies any allegation which is inconsistent with or mischaracterizes same.

9. Denies the allegations contained in paragraph 9. States further that the terms and conditions of the Subcontract Agreement entered into between Montage and Time Line speak for themselves and denies any allegation which is inconsistent with or mischaracterizes same.

10. Denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Admits that Eric Stanco of Stanco & Associates sent a letter to Time Line on or about July 1, 2005. States further that the terms of the letter speak for themselves and denies any allegation which is inconsistent with or mischaracterizes same.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Incorporates by reference its responses to paragraphs 1 through 23, inclusive.

25. Admits that Time Line entered into a Subcontract Agreement with Montage. States that the terms and conditions of the Subcontract Agreement entered into between Montage and Time Line speak for themselves and denies any allegation which is inconsistent with or mischaracterizes same.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

Time Line further denies (i) any allegations of the Complaint not responded to above and (ii) that Montage is entitled to the relief requested against Time Line.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The relief requested in the Complaint should be denied in part or in whole by Montage's fraud.

## FOURTH DEFENSE

Montage was not injured in the manner and to the extent alleged.

## FIFTH DEFENSE

The relief requested in the Complaint is barred in whole or in part pursuant to the doctrines of offset, set-off and recoupment as well by the operative terms of certain contract(s) between the parties.

## SIXTH DEFENSE

The relief requested in the Complaint is barred in whole or in part by the doctrines of estoppel and waiver.

## SEVENTH DEFENSE

The relief requested in the Complaint is barred in whole or in part by the doctrine of accord and satisfaction.

## EIGHTH DEFENSE

The relief requested in the Complaint is barred in whole or in part by equitable estoppel.

**NINTH DEFENSE**

The relief requested in the Complaint should be denied pursuant to the doctrines of "clean hands."

**TENTH DEFENSE**

Pursuant to Agreement between the parties, Montage is contractually barred from bringing this action and is subject to a valid and binding Arbitration Agreement and this Court does not have subject matter jurisdiction over this matter.

**ELEVENTH DEFENSE**

The relief requested in the Complaint should be denied as a result of Montage's assumption of the risk and / or contributory negligence.

**TWELFTH DEFENSE**

The relief requested in the Complaint should be denied as a result of Montage's own breaches of contract.

**THIRTEENTH DEFENSE**

The relief requested in the Complaint should be denied in part or in whole by Montage's failure to mitigate.

**RESERVATION OF CLAIMS AND DEFENSES**

Time Line reserves the right to assert any other claims or defenses as may be available, or may become available to it during the course of these proceedings.

WHEREFORE, Defendant, Time Line Construction Corp., respectfully requests that the Court enter an Order (a) dismissing the Complaint with prejudice; (b) assessing any costs and expenses of this litigation against Montage, including legal fees incurred in

defense of this matter; and (c) granting such other and further relief as this Court deems necessary and appropriate.

## COUNTERCLAIM

Counter-Plaintiff, Time Line Construction Corp. ("Time Line"), for its Counterclaim against Counter-Defendant, Montage, Inc. ("Montage"), states as follows:

### Introductory Statement

Pursuant to Agreement between the parties, this Counterclaim is subject to a valid and binding Arbitration Agreement. Nevertheless, in light of the Federal Rules regarding compulsory counterclaims and so as to preserve Time Line's claims in the event that the Court determines that the arbitration agreement is non-binding, Time Line states as follows for its counterclaim against Montage:

### Parties

1. Time Line is a Virginia Corporation with its principal place of business located at 3407 Jermantown Road, Fairfax, VA 22030.

2. Montage is a Maryland Corporation with a principal place of business located at 3636 16th Street, N.W., Suite AG50, Washington, D.C. 20010, which is engaged in the general contracting business.

### COUNT I
### (Breach of Contract)

3. Pursuant to a written agreement dated April 1, 2005 (the "Subcontract Agreement"), Time Line, as subcontractor, agreed to perform and did perform a portion of the work required by Montage under Montage's contract with the District of Columbia Sports Commission in connection with a project commonly known as Fort Greble Baseball Field Renovation ("The Project").

4. During the course of performance, Montage directed Time Line to perform certain work both within and beyond the scope of the original Subcontract Agreement for which Time Line is entitled to additional compensation.

5. During the course of performance of the Subcontract Agreement, Montage breached the parties' agreement by failing, among other things to (a) take necessary action and appropriate steps to allow a timely and efficient completion of Time Line's work, (b) exercise its powers to direct changes with promptness so as to avoid delays in the progress of the work, (c) exercise its power to conduct special meetings in order to deal with matters relative to work progress and the progress scheduled as was necessary to expedite completion of the work and to avoid delays, (d) authorize owner representatives to visit the project daily to assure owner's satisfaction, (e) provide security in accord with the Subcontract Agreement, (f) compensate for vandalism and theft of Time Line's property which occurred as a result of the lack of security provided, and (g) provide information and materials under Montage's control with reasonable promptness so as to avoid delays and disruptions in the orderly progress of Time Line's work.

6. Further, Time Line was wrongfully prevented by Montage from timely completing its work under the Subcontract Agreement within the agreed contract period and that the cost of its performance was otherwise increased because of numerous acts, omissions, interferences, disruptions and delays caused by the actions of Montage in administering, controlling and / or supervising Time Line's work.

7.  As a result of Montage's breaches of its agreement under the Subcontract Agreement, Time Line has been damaged and has also incurred expense beyond that which it was required to incur in order to complete its work.

8.  On September 9, 2005, Time Line made demand from Montage in the amount of $403,152.32, representing the amounts due and owing to them pursuant to the Subcontract Agreement and the work completed.

9.  Despite demand, Montage failed and refused and continues to fail and refuse to pay Time Line for these amounts due and owing to Time Line.

WHEREFORE, Time Line Construction Corp. respectfully demands judgment against Montage, Inc. in the amount of $403,152.32 plus prejudgment and post-judgment interest, reasonable attorney's fees, and costs of this suit.

## COUNT II
### (Quantum Meruit)

10. Time Line adopts and incorporates by this reference each and every preceding paragraph as if fully set forth herein, and alleges the following additionally or in the alternative.

11. Time Line rendered valuable materials and services to Montage with the intention of receiving payment from Montage for those materials and services.

12. Montage accepted these services and materials, received the benefit of such services and materials, and knew that Time Line expected to be paid for such services.

13. The value of goods and services provided by Time Line to Montage for the project totals $403,152.32, none of which has been paid by Montage.

WHEREFORE, Time Line Construction Corp. respectfully demands judgment against Montage, Inc. in the amount of $403,152.32 plus prejudgment and post-judgment interest, reasonable attorney's fees, and costs of this suit.

### **COUNT III**
### **(Fraud)**

14. Time Line adopts and incorporates by this reference each and every preceding paragraph as if fully set forth herein, and alleges the following additionally or in the alternative.

15. After Time Line entered into the Agreement and during the course of parties' performance of their obligations under the Agreement, Montage requested certain change orders from Time Line related to watering and maintenance of the turf.

16. Initially, Time Line refused such change orders because Time Line was concerned about the date it would be paid for this and other work performed under the Agreement.

17. To induce Time Line to agree to and perform this particular change order, Montage issued a check for $20,000.00 to Time Line.

18. Based on the issuance, tendering of this payment and promise of payment by Montage, Time Line performed the work required by the change order.

19. Thereafter, Montage stopped payment on the check without informing Time Line.

20. Montage knew that its representations as to payment under the check were false when made and/or that they were made with reckless indifference as to their truth.

21. Montage made or caused to be made these false representations with the purpose of defrauding Time Line.

22. Time Line reasonably relied on Montage's misrepresentations and had the right to do so.

23. Time Line has been damaged by the wrongful actions of Montage and would not have performed the additional work under the change order but for Montage's misrepresentations as to the check.

WHEREFORE, Time Line Construction Corp. respectfully demands judgment against Montage, Inc. in the amount of $20,000.00 plus prejudgment and post-judgment interest, reasonable attorney's fees, and costs of this suit.

Respectfully submitted,

_____/s/ Adam M. Spence_____
Adam M. Spence, Esq.
Michael J. Lentz, Esq.
The Law Offices of Adam M. Spence, P.C.
105 W. Chesapeake Avenue, Suite 400
Towson, MD 21204
(410) 823-1881
Fax: (443) 836-9181

- and -

Jim W. Nowak, Esq.
Francomano & Karpook
20 South Charles Street
Sun Life Building - 4th Floor
Baltimore, MD  21201-3217

*Counsel for Defendant/Counter-Plaintiff*
 *Time Line Construction Corporation*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of October, 2005, I caused to be served a copy of the foregoing Answer and Counterclaim, via first class U.S. mail, postage pre-paid on:

>Eric R. Stanco, Esq.
>Stanco & Associates
>126 C Street, N.W.
>Washington, D.C. 20001

>_____/s/ Adam M. Spence_____
>Adam M. Spence