## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

————————————————————————————

| | |
|---|---|
| **MONTAGE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:05cv01809-RJR** |
| ) | |
| **TIME LINE CONSTRUCTION CORP.,** ) | |
| ) | |
| **Defendant.** ) | |

————————————————————————————)

## PLAINTIFF MONTAGE, INC.'S MOTION TO
## STAY PROCEEDINGS AND COMPEL ARBITRATION

Plaintiff, Montage, Inc. (Montage), pursuant to 9 U.S.C. § 1 *et seq.* and D.C. Code § 16-4302(a), hereby moves this Honorable Court for an Order staying these proceedings and compelling Defendant, Time Line Construction Corp. (TLCC), to submit the matter in dispute to arbitration.  In support of its motion, Montage states as follows:

1.       On April 1. 2005, Montage entered into a contract (Contract) with the District of Columbia Sports and Entertainment Commission (DCSEC) in connection with a project commonly known as Fort Greble Baseball Field Renovation (Project).

2.       In turn, Montage executed a subcontract (Subcontract) with TLCC, by the terms of which TLCC was to provide work, labor, equipment and material for the installation of new playing fields and certain related work on the Project.  A true copy of the Subcontract is attached hereto as Exhibit A.

3.      Under the terms of the Subcontract, TLCC agreed, *inter alia*, to re-grade the fields to ensure proper drainage, install new soils and install new sod, all consistent with the plans and specifications for the Project.

4.      Montage alleges that TLCC failed to perform the work consistent with the plans and specifications and that it failed to prosecute the work timely, delaying the Project.

5.      In addition, Montage alleges that it was ultimately forced to terminate the Subcontract for default and to engage a replacement subcontractor to replace and complete TLCC's work, and Montage filed the instant action for its losses, costs, and expenses due to TLCC's alleged breach of contract.

6.      Under the terms of the Subcontract, the parties agreed that "all claims, disputes, and matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration."[1]

7.      Montage's claims in this action are subject to the Subcontract's mandatory arbitration clause.

---

[1] The Subcontract provides, in pertinent part:

23.1 <u>Agreement to Arbitration.</u> Subject to Section 7.3, claims relating to Owner, unless the parties mutually agree otherwise, or the Contract Documents state otherwise, all claims, disputes, and matters in question arising out of, or relating to, this Subcontract Agreement, or the breach thereof, shall be decided by arbitration, which shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect.

8.    Prior to the deadline for TLCC to file a responsive pleading in this action, Montage's counsel spoke with TLCC's attorney and requested TLCC's consent to a stay of proceedings so the parties could proceed with arbitration, as required by the Subcontract.

9.    TLCC's counsel was unable to consent to the relief requested by this Motion.

10.    Pursuant to 9 U.S.C. §2 and D.C. Code § 16-4302(a), this action should be stayed and the Subcontract's mandatory arbitration clause enforced to compel TLCC to submit to arbitration.

**WHEREFORE**, Montage respectfully requests that this Court:

1.    Enter an Order staying the above-captioned matter and compelling the parties to submit the issues in dispute in this matter to arbitration;

2.    Grant Montage such other and further relief as this Court deems just and proper.

<u>Points and Authorities</u>

In support of its Motion, Montage relies, in part, upon:

1.    9 U.S.C. § 1 *et seq.*  (Federal Arbitration Act).

2.    D.C. Code § 16-4302(a).

Respectfully submitted,

MONTAGE, INC.

_____/s/_____
Eric R. Stanco
D.C. Bar #456896
Stanco & Associates
126 C Street, N.W.
Washington, D.C.  20001
(202) 331-8822

3

(202) 331-9705 (facsimile)