IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MONTAGE, INC.** | * | |
| Plaintiff/Counter-Defendant, | * | |
| | | Case No. 1:05CV01809-RWR |
| v. | * | |
| **TIME LINE CONSTRUCTION CORP.,** | * | |
| Defendant/Counter-Plaintiff. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**STATUS REPORT AND APPLICATION TO
CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT AGAINST MONTAGE, INC.**

Defendant/Counter-Plaintiff, TimeLine Construction Corp. ("Time Line"), by counsel, files this Status Report and applies to this Court to confirm the arbitration award entered in its favor against Plaintiff/Counter-Defendant, Montage, Inc. ("Montage") and to enter judgment in conformity therewith.  In support thereof, Time Line states as follows:

1. On or about September 13, 2005, Montage filed its Complaint against Time Line herein seeking damages purportedly arising from Time Line's breach of a contract between the parties.

2. On October 13, 2005, Time Line filed its Answer and Counterclaim.

3. Because the claims raised in both the Complaint and Counterclaim were subject to a binding Arbitration Agreement and by Consent of the parties, this Court entered its November 15, 2005 Order compelling arbitration and staying this proceeding.

4. Thereafter, the parties filed competing claims before the American Arbitration Association. On December 19, 20 and 21, 2006, the matter was arbitrated before the American Arbitration Association and J. Snowden Stanley, Jr., Arbitrator.

5. On March 1, 2007, Arbitrator Stanley entered his award in favor of TimeLine and against Montage in the amount of $112,259.27 plus expenses of $1,724.99, for a total award of $113,984.26. A copy of this award is attached as Exhibit 1.

6. Pursuant to Arbitrator Stanley's award, Montage was required to pay that amount on or before April 2, 2007.

7. As of the date hereof, Montage has not paid this amount to TimeLine. Nor has Montage filed any post-arbitration motions as contemplated by the American Arbitration Association's rules to challenge the validity of Arbitrator Stanley's award.

8. Accordingly, TimeLine respectfully requests that this Court confirm the Arbitrator's award and enter judgment thereon to permit TimeLine to take steps to execute on the assets of Montage to enforce said award.

WHEREFORE, Time Line Construction Corp. respectfully requests that this Court enter an Order confirming the Award of Arbitrator attached as Exhibit 1 and enter judgment in conformity therewith against Montage, Inc. in favor of Time Line Construction Corp. in the principal amount of $112,259.27, plus (a) expenses of $1,724.99, (b) post judgment interest at the legal rate from the date of judgment until paid in full and (c) Time Line's reasonable attorney's fees and expenses.

Respectfully submitted,

_____/s/ Adam M. Spence_____

>Adam M. Spence, Esq.
>The Law Offices of Adam M. Spence, P.C.
>P.O. Box 20369
>Towson, MD 21284
>(410) 823-5003
>Fax: (443) 836-9181

>- and -

>Jim W. Nowak, Esq.
>Francomano & Karpook
>20 South Charles Street
>Sun Life Building - 4th Floor
>Baltimore, MD 21201-3217

>*Counsel for Defendant/Counter-Plaintiff*
>*Time Line Construction Corporation*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of April, 2007, I caused to be served a copy of the foregoing (which was filed after the close of business on April 2, 2007) on the following person via first class U.S. mail, postage pre-paid on:

>Eric R. Stanco, Esq.
>Stanco & Associates
>126 C Street, N.W.
>Washington, D.C. 20001


>    /s/ Adam M. Spence
>Adam M. Spence

## AMERICAN ARBITRATION ASSOCIATION
### Construction Arbitration Tribunal

In the Matter of the Arbitration between

Re: 16 110 00268 06

Time Line Construction Corporation ("Claimant")
and
Montage, Inc. ("Respondent")

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated May 2, 2005, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, AWARD, as follows:

Respondent shall pay to Claimant the following sums:

For the Claimant................................................$204,869.27

Claimant shall pay to Respondent the following sums:

For the Respondent..............................................$92,610.00

The above sum for the Claimant is derived from the following:

| | |
|---|---|
| Contract Balance Due | $70,000.00 |
| Change Proposal No. 1 | $ 5,364.86 |
| Change Proposal No. 2 | $ 0.00 |
| Change Proposal No. 3 | $ 0.00 |
| Change Proposal No. 4 | $ 0.00 |
| Change Proposal No. 5 | $ 0.00 |
| Change Proposal No. 6 | $ 5,011.29 |
| Change Proposal No. 7 | $ 0.00 |
| Invoice No 62805A | $ 0.00 |
| Invoice 62805B | $ 0.00 |
| Change Proposal No. 9 | $ 1,423.12 |
| Change Proposal No. 10 | $ 0.00 |
| Change Proposal No. 11 | $98,670.00 |
| Change Proposal No. 12 | $ 0.00 |
| Change Proposal No. 13 | $24,400.00 |
| Change Proposal No. 14 | $ 0.00 |
| Invoice No. 71405B | $ 0.00 |
| Invoice No. 71405C | $ 0.00 |
| | |
| Total | $204,869.27 |
| Minus cost of repairs by Alpine | $ 92,610.00 |
| | |
| Final Total | $112,259.27 |

EXHIBIT 1

The above sum for the Respondent is derived from the following:

| | |
|---|---|
| Cost of Labor and Materials Provided by Alpine | $92,610.00 |
| Quality Control | $ 0.00 |
| Extended Home Office Overhead | $ 0.00 |
| Extended Field Overhead | $ 0.00 |
| Total | $92,610.00 |

The administrative fees and expenses of the American Arbitration Association (the "Association") totaling $8,550.00 shall be borne equally by the parties and the compensation and expenses of the Arbitrator totaling $12,659.73 shall be borne equally by the parties. Therefore, Montage, Inc. shall reimburse Time Line Construction Corporation the sum of $1,724.99, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Time Line Construction Corporation

The above sums are to be paid on or before (30) thirty days from the date of this Award.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

_____      3/1/07
J. Snowden Stanley Jr.                Date

I, J. Snowden Stanley Jr., do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____      3/1/07
J. Snowden Stanley Jr.                Date

B0685438.DOC

2