# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MONTAGE, INC.                                    *

     **Plaintiff/Counter-Defendant,**         *

                                 **Case No. 1:05CV01809-RWR**

**v.**                                           *

**TIME LINE CONSTRUCTION CORP.,**                *

     **Defendant/Counter-Plaintiff.**          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### TIMELINE CONSTRUCTION CORP.'S (A) REPLY TO MONTAGE, INC.'S OPPOSITION TO MOTION TO CONFIRM ARBITRATION AWARD AND (B) OPPOSITION TO MONTAGE, INC.'S MOTION TO VACATE AWARD

Defendant/Counter-Plaintiff, TimeLine Construction Corp. ("Time Line"), by counsel, files this (a) Reply to Montage, Inc.'s ("Montage") Opposition to Time Line's Motion to Confirm Arbitration Award and (b) Opposition to Montage's Motion to Vacate Award. As grounds therefore, Time Line states as follows:

### BACKGROUND OF DISPUTE AND ARBITRATION RECORD

In its opposition to Time Line's Motion to Confirm Arbitration Award and Motion to Vacate Award, Montage presents arguments relating to the interpretation of the evidence presented at the three days of hearing conducted relative to the instant dispute with over 70 exhibits received by the arbitrator at that hearing. As a disappointed litigant, Montage argues that the "Arbitrator's award is clearly not sustainable on the applicable law and the evidence presented." Montage Motion at p. 8. The core flaw in Montage's position is that Montage asks this Court to substitute the Court's judgment for that of the Arbitrator on the facts of the dispute based on the same arguments that Montage made during the arbitration and also in briefs filed with the Arbitrator after the evidentiary hearing.

1

The construction project, which is the subject matter of the instant proceeding, contemplated the renovation of playing fields at Ft. Greble Park in the District of Columbia ("Project").   Montage was the general contractor for the Project under an agreement with the District of Columbia Sports and Entertainment Authority and subcontracted a portion of the work required under the general contract to Timeline pursuant to a written agreement prepared by Montage.   The disputes, which were the subject matter of the arbitration and this Action, arose under the Montage-Time Line subcontract that contained a provision mandating arbitration under the rules of the American Arbitration Association for claims under the subcontract.

After Montage filed its Motion to Stay Proceedings and Compel Arbitration and pursuant to this Court's order, the Parties submitted their respective claims to arbitration through the American Arbitration Association ("AAA").   Prior to the commencement of the trial in the arbitration proceeding, the parties proceeded in accordance with the AAA's rule to produce documents, filed statements of their respective claims, and pretrial memorandum.   The arbitration hearing in this matter lasted three full days on December 19, 20 and 21, 2006.   There was no transcript made of the testimony taken by the Arbitrator.   Consequently, only a very limited record is now available to this Court, consisting of the parties' respective exhibits and written memorandum filed by the parties at different stages of the proceeding.

After the three days of hearings, each party submitted a post-hearing Memorandum and Reply Memorandum to the arbitrator.   Thereafter, Snowden Stanley, the Arbitrator appointed by the AAA, entered his award in favor of TimeLine and against Montage in the amount of $112,259.27 plus expenses of $1,724.99, for a total award of in

favor of Time Line in the amount of $113,984.26 (the "Award").  A copy of the Award is

attached as Exhibit 1 to the Motion to Time Line's Status Report and Application to

Confirm Arbitration Award and Enter Judgment Against Montage, Inc.

**STANDARD OF REVIEW**

In <u>Kanuth v. Prescott, Ball, & Turben Inc.,</u> 949 F.2d 1175, (D.C. Cir.  1991),

Judge Wald speaking for the Court succinctly and fully described the scope of review of

arbitration decisions in stating:

> Courts have recognized that judicial Review of arbitral awards is extremely
> limited. "Courts thus do not sit to hear claims of factual or legal error by an
> arbitrator as an appellate court does in reviewing decisions of lower courts."
> United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S. Ct. 364,
> 98 L. Ed. 2d 286 (1987). As the Supreme Court made clear almost forty years
> ago, "the United States Arbitration Act establishes by statute the desirability of
> arbitration as an alternative to the complications of litigation." Wilko v. Swan,
> 346 U.S. 427, 431, 98 L. Ed. 168 , 74 S. Ct. 182 (1953). In the famous
> Steelworkers' Trilogy, the Court emphasized that "it is the arbitrator's construction
> which was bargained for; and so far as the arbitrator's decision concerns
> construction of the contract, the courts have no business overruling him because
> their interpretation of the contract is different from his." United Steelworkers v.
> Enterprise Wheel & Car Corp., 363 U.S. 593, 599, 4 L. Ed. 2d 1424 , 80 S. Ct.
> 1358 (1960); see id. at 597 (in interpreting and applying a contract, an arbitrator
> "may of course look for guidance from many sources, yet his award is legitimate
> only so long as it draws its essence from the [contract]").

> Courts have suggested that, in addition to the statutory grounds for vacating an
> arbitral award, an award may be vacated if the arbitrators made the award in
> "manifest disregard of the law." Advest, Inc. v. McCarthy, 914 F.2d 6, 9 & n.5
> (1st Cir. 1990); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d
> 930, 933 (2d Cir. 1986). This formulation comes from dicta in Wilko v. Swan,
> 346 U.S. 427, 436-37, 98 L. Ed. 168 , 74 S. Ct. 182 (1953), and it is clear that it
> means more than error or misunderstanding with respect to the law. Sargent v.
> Paine Webber Jackson & Curtis, Inc., 280 App. D.C. 7, 882 F.2d 529, 532 (D.C.
> Cir. 1989), cert. denied, 110 S. Ct. 1474 (1990); Bobker, 808 F.2d at 933 ("The
> error must have been obvious and capable of being readily and instantly perceived
> by the average person qualified to serve as an arbitrator."); Siegel v. Titan Indus.
> Corp., 779 F.2d 891, 893 (2d Cir. 1985) (manifest disregard of the law may be
> found if arbitrator understood and correctly stated the law but proceeded to ignore
> it).

3

The <u>Kanuth</u> decision explanation of the scope of review of arbitrator's awards remains a basic tenant of the jurisprudence applicable to the review of an arbitrator's award.  Furthermore, the party seeking to vacate or modify the arbitration award bears the burden of demonstrating that the arbitrator acted in "manifest disregard of the law".  <u>LaPrade v. Kidder, Peabody & Co., Inc.,</u> 246 F.3d 702, 706.  In light of this limited standard of review, it should not be a surprise that "*<u>obtaining relief for arbitrators' manifest disregard of the law is rare</u>*."  <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S,</u> 333 F.3d 383, 389 (2d Cir. 2003)(emphasis added)

## ARGUMENT

At the outset of its Motion, Montage concedes that the Award entered by the Arbitrator does not fall under any of the statutory grounds outlined by 9 U.S.C. § 10 of the Federal Arbitration Act (the "FAA") for this Court to vacate the Award.  Motion to Vacate at 3.   In turn, under FAA § 9, this "Court must grant such an order [to confirm] unless the award is vacated, modified, or corrected as [specifically] prescribed in sections 10 and 11 of this title."  Again, Montage has not outlined any grounds under either §§ 10 or 11 to vacate or modify the Award.

Nevertheless, unhappy with the Award, Montage erroneously asserts that the Arbitrator acted in an "arbitrary and capricious" manner alleging that the arbitrator had no legal basis or credible evidence to support his findings.  The source of Montage's argument stems from its re-presentation of and re-characterization of the purported testimony at the arbitration hearings and its interpretation of the evidence from a factual basis.  In turn, Montage says that the arbitrator was "arbitrary and capricious" because the arbitrator did not agree with Montage's interpretation of the evidence.  Montage does not

4

point to an error of law made by the arbitrator but rather to errors of fact finding made by the arbitrator based on Montage's view of the evidence. That type of argument can not be considered by the Court in considering Montage's Motion for the basic reason that there is no transcript of the testimony. Montage essentially asks this Court to accept Montage's version of the testimony with no record support for that testimony.

In both LaPrade v. Kidder, Peabody, & Co., Inc., supra, and Kanuth v. Prescott, Ball, & Turben Inc., supra., the reviewing court was provided a transcript of the testimony from the arbitration hearings. Though neither court found any solace in the transcript for the party seeking a review of the arbitrator's award and in fact pointed to parts of the transcript that could have supported the arbitration award, the clear point for purpose of the instant proceeding is that it is essential that the moving party carry its burden of demonstrating that there was a "manifest disregard of the law" from the arbitration proceeding record. Here, Montage can not meet that hurdle because there is no transcript of the testimony at the arbitration hearing. Montage had the election of creating a transcript of the testimony and chose to forego that opportunity. It cannot now argue the testimonial issues where its own decision relative to a production of a transcript precludes a reviewing court from considering that testimony.

Additionally, Montage does not argue that the Arbitrator made an error of law, much less meet the manifest disregard standard, but rather contends that the arbitrator's decision was contrary to the evidence. This type of review is precisely the type of review that is precluded in the context of arbitration where the parties prior to existence of a dispute made a contract decision of how to resolve disputes under the written agreement.

However, the evidence in this case was hotly contested.  Indeed, the parties both submitted post-hearing Memoranda.  Copies of these Memoranda are attached as Exhibits A & B.  In turn, Timeline's Memorandum specifically addressed some of the evidentiary issues regarding fill material and reimbursement for vandalism as to which Montage now states the arbitrator made an arbitrary and capricious decision.  (See e.g., Exhibit A, TimeLine Post-Hearing Memorandum at pp. 2-4 & 7, respectively).  In any event, these and all of the other issues raised by Montage in its present Motion were subsumed within the nearly three days of testimony heard by the arbitrator, which testimony this court will never have the ability to review.

If Montage wanted to have this Court decide this matter, Montage should have tried this case before this Court.  Instead, Montage chose to file its Motion to Stay these proceedings and conduct an arbitration before the American Arbitration Association.  Now that the arbitrator has ruled against Montage, Montage is bound by its election.  This Court should enforce the arbitrator's award under the Federal Arbitration Act, consistent with the parties' agreement that "[t]he award rendered by the arbitrator(s) shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction."  §23.4 of Subcontract (emphasis added) attached as Exhibit A to *Montage's Motion to Stay Proceedings and Compel Arbitration.*

## **CONCLUSION**

There is nothing to support Montage's bald assertion that the arbitrator's award is a "manifest disregard of the law."  Montage has presented nothing – nor can it present anything given that there is no transcript of these proceedings -- that would permit this Court to find this case to be one of those "rare" cases where the arbitrator acted in a

"manifest disregard" of the law.  Accordingly, the relief sought by Montage should be denied and the Arbitrator's decision should be confirmed.

Respectfully submitted,


_____/s/ Adam M. Spence_____
Adam M. Spence, Esq.
The Law Offices of Adam M. Spence, P.C.
P.O. Box 20369
Towson, MD 21284
(410) 823-5003
Fax: (443) 836-9181

- and -

Jim W. Nowak, Esq.
Francomano & Karpook
20 South Charles Street
Sun Life Building - 4th Floor
Baltimore, MD 21201-3217
*Counsel for Defendant/Counter-Plaintiff*
*Time Line Construction Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of May, 2007, I caused to be served a copy of the foregoing on the following person via this Court's CM/ECF noticing procedures:

Eric R. Stanco, Esq.
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001

/s/ Adam M. Spence
Adam M. Spence