BEFORE THE AMERICAN ARBITRATION ASSOCIATION

TIMELINE CONSTRUCTION CORP.,                )
                                             )
                    Claimant,                )
                                             )
v.                                           )   Case No. 16 110 00268 06
                                             )
MONTAGE, INC.,                               )
                                             )
                    Respondent.              )
                                             )

## POST-HEARING REPLY MEMORANDUM OF TIME LINE CONSTRUCTION CORP.

Timeline Construction Corp. ("Timeline") submits the following Post-Hearing Reply Memorandum in support of the claims made by it against Montage, Inc. ("Montage").

In its Post-Hearing Memorandum, Montage suggests that the change orders are barred as not having been submitted timely (Montage Memo, at 10). Such suggestion is readily dismissed under District of Columbia law regarding *quantum meruit* claims:

> District of Columbia law implies a contract to pay for services performed when 1) valuable services are rendered by the plaintiff, 2) for the person from whom recovery is sought, 3) which services are accepted and enjoyed by that person, 4) under circumstances that reasonably notified the person that the plaintiff, in performing such services, expected to be paid. *United States ex rel. Modern Elec., Inc. v. Ideal Elec. Sec. Co., Inc.*, 81 F.3d 240, 246-47 (D.C.Cir.1996); *Perles v. Kagy,* 362 F.Supp.2d 195, 202-203 (D.D.C.2005); *TVL Assocs. v. A & M Constr. Corp.,* 474 A.2d 156, 159 (D.C.1984). I have found that those requirements were met here. CEI performed work at ISI's direction, ISI accepted the work, and CEI reasonably expected to be compensated for the work done at ISI's direction. CEI is therefore entitled to be compensated.

At no time is timely submission of a written claim required. Rather, there only has to be notice that payment is expected. In this case, the testimony was clear that payment was expected by

1

Timeline. While Montage may not have timely submitted its notice to the Owner, this is no manner should bind Timeline who is entitled to recovery from Montage under a quantum meruit claim.

In any event, this issue simply misdirects the arbitrator from the facts of the subject dispute. While Montage's arguments fit neatly into a text-book project performance scenario, little, if any, of the entire project was done according to the textbook.

Indeed, the extra work performed by Timeline was the result of changes to the specifications and drawings introduced to the project by Montage and DCSEC without benefit of professionals' advice as to effect of the changes. Timeline completed the work covered by its subcontract and provided additional work to accommodate Montage's own failings to properly coordinate its design and performance functions as the "design-build" contractor (clearly stated on the drawings).

Accordingly, while Montage's arguments in its brief represent a recitation of various contractual performance criteria, the conduct of the parties in performing the sub-contract varied and waived those contractual provisions. As a result, Timeline expended labor, material, equipment and services. In turn, Montage knew full well the activities being performed and had the burden of coordinating those activities in light of the Montage's change of the designed developed at the outset of the project.

This case and the arguments raised by Montage are simply attempts by Montage to transfer onto Timeline the liability for Montage's own failure to properly manage the contract. The most telling fact of Montage's conduct is that it was negotiating changes to the scope of work to reinstall the underground irrigation system at the same time and contemporaneously with its coercive demands on Timeline to perform additional work as to which Montage clearly never intended to pay Timeline for performing.

Elsewhere in its Memorandum, Montage asserts that Timeline's claims for the change orders are barred as untimely under the differing site conditions clause of Montage's contract. (Montage Memorandum, at 13). This argument should also readily be dismissed since there were no differing site conditions: the site conditions were known to all from the very outset of the project.

Similarly, Montage also contends that the original specifications still control despite the changes and deletions. (Montage Memorandum, at 17). Yet, the specifications were made irrelevant because of the specific scope of work set forth in the subcontract which clearly changed the type of fill, the top soil depth, the sod material and other material aspects of the specifications.

## CONCLUSION

Wherefore, for the foregoing reasons and for the reasons set forth at the arbitration of this matter, TimeLine requests an Award in its favor, and against Montage, Inc. in the net amount of $362,922.32 plus interest from July 14, 2005 and costs of this proceeding.

Respectfully submitted,

Adam M. Spence, Esq.
The Law Offices of Adam M. Spence, P.C.
409 Washington Avenue, Suite 1000
Towson, MD 21204
(410) 823-5003
Fax: (443) 836-9181
adam@spencefirm.com

- and -

Jim W. Nowak, Esq.
Francomano & Karpook
20 South Charles Street
Sun Life Building - 4th Floors
Baltimore, MD 21201-3217
*Counsel for Defendant/Counter-Plaintiff*
  *Timeline Construction Corporation*

3